Ryan E. Jackman, Esq. (SBN: 336617)
Ryan@RJZLawGroup.Com
RJZ LAW GROUP, P.C.
25152 Springfield Court, Suite 390
Valencia, CA 91355
Telephone Number: (661) 502-6244
Fax Number: (310) 726-3280

Attorneys for Defendant and Cross-Defendant
KAMI EMEIN

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>Kami Emein<br><br>        Debtor, | Chapter: 7<br><br>Case No.: 2:18-bk-15693-ER<br><br>Adversary Case No.: 2:22-AP-_____-ER |
| KAMI EMEIN,<br><br>        Plaintiff,<br><br>  vs.<br><br>JOSEPH AMIN,<br><br>        Defendant. | **DEBTOR KAMI EMEIN'S COMPLAINT FOR:**<br><br>1) **DECLARATORY RELIEF REGARDING DETERMINATION OF VALIDITY, PRIORITY, OR EXTENT OF CREDITOR LIEN CLAIMANT (FRBP 7001); AND**<br>2) **OBJECTIONS TO AMENDED CLAIMS NO. 1 OF JOSEPH AMIN** |

**TO THE HONORABLE ERNEST M. ROBLES, UNITED STATES BANKRUPTCY JUDGE, THE UNITED STATES TRUSTEE, CHAPTER 7 TRUSTEE, JOHN J MENCHACA; PARTIES OF INTEREST AND THEIR RESPECTIVE COUNSEL OF RECORD:**

---

*IN Re: Kami Emein, Debtor*  **DEBTOR KAMI EMEIN'S ADVERSARY COMPLAINT**
*Case No. 2:18-bk-15693-ER*

1

**COMES NOW** Chapter 7 Debtor and Plaintiff, Kami Emein ("Plaintiff" and/or "Debtor"), by and through counsel of record, Ryan E. Jackman, Esq., of RJZ Law Group, P.C., and does hereby allege, contend, complain, and allege in support of DEBTOR KAMI EMEIN'S COMPLAINT FOR 1) DECLARATORY RELIEF REGARDING DETERMINATION OF VALIDITY, PRIORITY, OR EXTENT OF CREDITOR LIEN CLAIMANT (FRBP 7001); AND 2) OBJECTIONS TO AMENDED CLAIM NO. 1 OF JOSEPH AMIN ("Complaint" or "Adversary") as follows:

## I.  PARTIES

1. Plaintiff Debtor, Kami Emein, is and at all times mentioned herein is an individual residing in the County of Los Angeles, State of California.

2. Plaintiff is informed and believes and based thereon alleges that at all times mentioned herein Defendant Creditor, Joseph Amin ("Defendant" and/or "Creditor"), is and at all times mentioned herein was an individual residing in the County of Los Angeles, State of California. Defendant Creditor filed an initial creditor's claim on June 4, 2018 and subsequently filing his amended claim on September 23, 2022.

## II.  VENUE AND JURISDICTION

3. Debtor filed a voluntary petition under Chapter 7, Title 11 United States Code, commencing Case No. 22:18-bk-15693-ER (the "Bankruptcy Case"). The filing of the Bankruptcy Case created a bankruptcy estate pursuant to 11 U.S.C. §541(a) that consists of all real, personal, and intangible property rights and interests of the Debtor ("Property of the Estate") and imposing an automatic stay under 11 U.S.C. § 362(a) as to the Debtor and all Property of the Estate.

4. This Adversary Proceeding arises under title 11 of the United States Code or arises in or is related to the bankruptcy case of the Debtor within the meaning of 28 U.S.C. §1334(b). This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(a), 157(b), 1334 et seq. and Rule 7001 of the Bankruptcy Rules of Procedure.

5. This Adversary Proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

6. Venue is proper in this district pursuant to 28 U.S.C. §1409(a).

7. Defendant has filed a proof of claim in this Court and is subject to the jurisdiction of this Court.

8. Venue for this Adversary Proceeding properly lies in the Central District of California, Los Angeles Division, as the underlying Chapter 7 Case was filed by the Plaintiff in this District and Defendant filed Amended Claim No. 1 in the Case (a true and correct copy of which is attached and incorporated by reference as "**Exhibit 1**").

9. The statutory predicates for the relief sought herein are sections 105(a), 506(a) of the Bankruptcy Code 11 U.S.C. §§ 101 et seq., Federal Rules of Bankruptcy Procedure ("FRBP") 2002, 3006, 3007, 7001 and 9014, and the Local Bankruptcy Rules as applicable herein.

### III. INTRODUCTION AND SUMMARY OF RELIEF REQUESTED

10. Plaintiff Debtor filed his voluntary bankruptcy petition under Chapter 7 in May of 2018. Defendant filed a timely creditor's claim alleging approximately $2.6 million as a general unsecured claim based on Defendant's State Court default judgment. On September 23, 2022, pursuant to this Court's Order Establishing amendment to Defendant's claim, an amended claim was filed by Defendant alleging a secured claim. Defendant also alleges an increase in the amount of the claim to include post judgment and pre bankruptcy petition interest on the default judgment plus post-bankruptcy petition. Plaintiff alleges and requests that Defendant's amended claim be determined to be an unsecured claim and disallowed as a secured claim and that Defendant be disallowed any post-bankruptcy petition interest on the original default judgment. Lastly, Plaintiff request a determination of the extent and nature Defendant's alleged secured claim and lien on any assets of the Plaintiff Debtor and the Bankruptcy Estate.

### IV. FACTUAL ALLEGATIONS

#### A. *General Allegations*

11. On May 17, 2018, Plaintiff filed a Chapter 7 voluntary petition. Plaintiff alleged no interest in any real property and approximately $10,000 in other personal property.

RJZ LAW GROUP, P.C.
25152 Springfield Ct., Ste. 390, Valencia, CA 91355

12. Defendant raised claims to the Chapter 7 Trustee (hereinafter "Trustee") that Plaintiff had an interest in his ex-spouse's real property and interest in a corporation as a result of Plaintiff's community property rights.

13. Plaintiff Debtor and his non-filing spouse were divorced on November 3, 2017, pursuant to a stipulated judgment for dissolution of marriage (hereinafter referred to as the "Stipulated Divorce Judgment").

14. Plaintiff alleges he had no interest in the property held by his ex-spouse. Claims were raised by the Trustee with respect to Plaintiff Debtor's interest in said property as being property of the Bankruptcy Estate.

15. Any and all claims Plaintiff may have had in property held by his ex-spouse, whether equitable, legal, or otherwise and whether these were assets included in the Bankruptcy Estate of the Debtor, were settled and released by the Trustee.

16. Plaintiff claims no interest in any real property that was subjected to nor applicable to at the time of commencement of the Bankruptcy Case.

### B. Settlement with the Trustee

17. Trustee conducted an investigation into the allegations of Defendant regarding the undisclosed assets.

18. Trustee sought and obtained approval by the Court of a Compromise with the Plaintiff Debtor and his ex-spouse Messian.

19. The Trustees Compromise Motion was not objected to by Defendant and the Court approved the settlement agreement by order entered on April 24, 2021. This order determined any and all rights and claims regarding any interest the Debtor may have had in those properties and any future claims pursuant to a settlement agreement containing a waiver of any and all claims known or unknown under Civ. Code § 1542.

### C. Defendant Creditor Claims and Claimed Interests

20. On June 4, 2018, Amin filed Proof of Claim No. 1-1. A true and correct copy of the Original Claim is attached hereto as "**Exhibit 2**". Amin's claim alleges that the amount owed to him by the Debtor is $2,624,084.00 as an unsecured claim based on a default judgment

obtained by Amin against the Debtor in *Wilshire State Bank v. Joseph Amin*, Los Angeles Superior Court Case No. BC401794 (the "State Court Action").

21. On September 21, 2022, this Court allowed Defendant to file an amended claim pursuant to its order on Plaintiff's objection and motion to disallow claim.

22. On September 23, 2022, Defendant filed an Amended Claim No. 1 (Exhibit 1) and allege the amended claim as a secured claim.

23. Defendant's Amended Claim alleges additions to the principal amount of the Defendant's claim for post judgment and pre-petition interest under state annual rate of 10% and the rate for the period after commencement of the Bankruptcy Case through the date of filing of the Amended Claim. The Amended Claim asserts it is secured against any property of the Debtor as a secured claim. The Amended Claim is based on an abstract of judgment recorded in the County of Los Angeles following entry of a default judgment in the State Court Action.

### D. The State Court Action

24. On November 12, 2008, a Bank filed the State Court action seeking damages for breach of contract against Plaintiff Debtor and Defendant.

25. On April 15, 2009, Defendant filed a Cross-Complaint against Debtor in the State Court Action.

26. On May 8, 2009, Plaintiff's default was entered on Bank Complaint.

27. The Register of Actions ("ROA") in the State Court Action does not reflect any summons on the cross-complaint, proof of service of summons on the Cross-Complaint, nor a request for default on the Cross-Complaint as to Debtor.

28. On September 15, 2009, a default prove-up hearing was held and Bank obtained a partial default judgment in the amount of $2,624,084.00 against Debtor only, which was filed with the court on September 15, 2009.

29. On September 21, 2009, the court also awarded Defendant on his Cross-Complaint the same amount as Bank's default judgment against Debtor.

30. No judgment was entered against Amin on Bank Complaint.

31. Amin never filed a request for entry of default of Debtor.

32. The Plaintiff Debtor has filed a motion seeking to vacate the default judgment entered on Defendant Amin's Cross-Complaint in the State Court Action as it was in excess of the amount demanded in the Cross-Complaint. Such a default judgment in violation of Code Civ. Proc. § 580, subd. (a) is void and subject to set aside at any time. The denial of this motion is currently being prepared for appeal of the trial court's denial of Debtor's motion to vacate the void default judgment. The outcome of that appeal determines only the amount of the claim and not the extent of it being secured.

## V.

## FIRST CLAIM FOR RELIEF

## DETERMINATION OF THE EXTENT, VALIDITY OR PRIORITY OF LIEN ARISING FROM DEFENDANT'S CLAIM NO. 1

33. Plaintiff hereby incorporates and refers to each of the proceeding paragraphs allege above as though fully alleged herein.

34. Plaintiff seeks a determination as to the extent, validity, or priority of Defendant's purported lien, pursuant to FRBP 7001, and other applicable law. The rights and interests in any property against which the Defendant's Amended Claim attaches are disputed. The nature and extent to which Defendant's Amended Claim is secured based on the pre-petition recording of an abstract of judgment is disputed.

35. Defendant Creditor's abstract of judgment is not a secured claim as at the time of the commencement of the Bankruptcy Case or at the time of its recording it was not secured against any real property of the Plaintiff Debtor owned.

36. Plaintiff contends that Defendant has an unsecured claim and Defendant alleges the opposite. A dispute now arises as a result of Defendant's recently filed Amended Claim.

37. Plaintiff alleges that Defendant's Amended Claim is and should be determined to be a general unsecured claim and Defendant's claims should be disallowed in its entirety as a secured claim.

RJZ LAW GROUP, P.C.
25152 Springfield Ct., Ste. 390, Valencia, CA 91355

## VI. OBJECTIONS TO AMENDED CLAIM

38. Plaintiff hereby incorporates and refers to each of the proceeding paragraphs allege above as though fully alleged herein.

39. Defendant's Amended Claim seeks interest at the state legal rate for pre-petition interests in the amount of $2,269,662.01.

40. Defendant's Amended Claim includes post-petition interest in the amount of $1,401,913.50.

41. Plaintiff objects to Defendant's Amended Claim to the extent it seeks to be a secured claim for which Defendant contends he is entitled to post-petition interest on the Amended Claim in any amount.

42. Claims for unmatured interest (i.e., interest not yet accrued when the bankruptcy petition is filed) on unsecured claims are disallowed in their entirety. (See 11 USC § 502(b)(2) and 506(b); *In re Del Mission Ltd.*, 998 F.2d 756, 757 (9th Cir. 1993).) To the extent the Amended Claim seeks unmatured interest, such interest should be disallowed.

43. Plaintiff demands that Defendant's Amended Claim should be disallowed in its entirety and/or determined to be unsecured without any interest as alleged herein.

## VII. PRAYER

WHEREFORE, Plaintiff prays for a determination, order, and/or judgment as follows:

1. A determination as to the extent, validity, and/or priority of Defendant's Amended Claim;
2. Defendant's Amended Claim be disallowed as a secured claim;

///
///
///
///
///
///
///

---

IN Re: Kami Emein, Debtor
Case No. 2:18-bk-15693-ER

DEBTOR KAMI EMEIN'S ADVERSARY COMPLAINT

7

3. Defendant's Amended Claim should be disallowed to the extent that it seeks interest to which Defendant is not entitled to;

4. For attorney's fees and costs under applicable law;

5. For such other relief the Court deems just and proper.

DATED: October 14, 2022        **RJZ LAW GROUP, P.C.**

*Ryan Jackman*
Ryan E. Jackman, Esq.
Attorney for Plaintiff Debtor
KAMI EMEIN

---

*IN Re: Kami Emein, Debtor*    DEBTOR KAMI EMEIN'S ADVERSARY COMPLAINT
*Case No. 2:18-bk-15693-ER*

8

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

25152 Springfield Court, Suite 390, Valencia, CA 91355

A true and correct copy of the foregoing document entitled (*specify*): Debtor Kami Emein's Adversary Complain

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) October 14, 2022, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) October 14, 2022, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 10/14/22 | Ryan Jackman | *Ryan Jackman* |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                **F 9013-3.1.PROOF.SERVICE**

**PROOF OF SERVICE OF DOCUMENT**

1. <u>**SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**</u>
   - Michael N. Berke    Michael.berke@berkeslaw.com, michelle.devan@berkeslaw.com
   - Michael G. D'Alba    mdalba@danninggill.com, danninggill@gmail.com, mdalba@ecf.inforuptcy.com
   - David B. Lally    davidlallylaw@gmail.com
   - John J. Menchaca (TR)    jmenchca@menchacacpa.com, ca87@ecfcbis.com, igaeta@menchacacpa.com
   - Uzzi O. Raanan    uraanan@danninggill.com, danninggill@gmail.com, uraanan@ecf.inforuptcy.com
   - Ronald N. Richards    ron@ronaldrichards.com, 7206828420@filings.docketbird.com
   - Sonia Singh    ssingh@ecjlaw.com, amatsuoka@ecjlaw.com, sgaeta@ecjlaw.com
   - Joon W. Song    jsong@thesonglawgroup.com
   - Jeffrey L. Sumpter    jsumpter1@cox.net
   - United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
   - Scott S. Weltman    colcaecf@weltman.com

2. <u>**SERVED BY U.S. MAIL**</u>

The Honorable Ernest M. Robles
U.S. Bankruptcy Court
Roybal Federal Building
Bin outside of Suite 1560
255 E. Temple Street
Los Angeles, CA 90012

Michael N. Berke, Esq
Law Office of Michael N. Berke
25001 The Old Road
Stevenson Ranch, CA 91381-2252
Attorney for Joseph Amin

Uzzi O. Raanan, Esq.
Michael G. D'Alba
DANNING, GILL, ISREAL & KRASNOFF, LLP
1901 Avenue of the Stars, Suite 450
Los Angeles, CA 90067

3. <u>**SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACIMILE TRANSMISSION OR EMAIL**</u>

   - Michael N. Berke, Esq    Michael.berke@bereslaw.com    Attorney for Joseph Amin
   - Uzzi O. Raanan, Esq    uraanan@danninggill.com    Attorney for John J. Menchaca
   - Michael G. D'Alba    mdalba@danninggill.com    Attorney for John J. Menchaca

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    F 9013-3.1.PROOF.SERVICE